# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-16-485S |
| CURTIS DANSBY<br>Defendant | § § | |

## PLEA AGREEMENT

The United States of America, by and through Abe Martinez, Acting United States Attorney for the Southern District of Texas, and Bertram Isaacs, Assistant United States Attorney, and the defendant, Curtis Dansby ("Defendant"), and Defendant's counsel Gerardo S. Montalvo, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Counts One and Four of the Superseding Indictment. Count One charges the Defendant with Conspiracy to Distribute Five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) and 846. Count Four charges the Defendant with Conspiracy to Launder Drug Proceeds, in violation of Title 18, United States Code, Section 1956(h). Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

1

## Punishment Range

2. The **statutory** penalty for a violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) and 846, is imprisonment of not less than 10 years up to life imprisonment and a fine of not more than $10,000,000. Additionally, Defendant may receive a term of supervised release after imprisonment of not less than 5 years.

The **statutory** penalty for a violation of 18 U.S.C. § 1956(h) is a fine of not more than $500,000.00 or twice the value of the property involved in the transaction, whichever is greater or imprisonment for not more than twenty (20) years, or both, and not more than 5 years supervised release 18, USC§ 3583(b)(1). Additionally, Defendant may receive a term of supervised release after imprisonment of not more than three (3) years. *See* Title 18, United States Code, sections 3559(a)(3) and 3583(b)(2).

Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(3) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States

District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Cooperation**

4. The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentencing Guidelines. Defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas. Should Defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance," the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines. Defendant further agrees to persist in that plea through sentencing, fully cooperate with the United States, and not oppose the forfeiture of assets contemplated in paragraph 20 of this agreement. Defendant understands and agrees that the United States will request that sentencing be deferred until that cooperation is complete.

5. Defendant understands and agrees that "fully cooperate," as that term is used herein, includes providing all information relating to any criminal activity known to Defendant, including but not limited to the offenses related to the drug trafficking activities charged in the pending indictment H-16-485S currently pending before the Honorable Gray Miller in the Southern District of Texas. Defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

    (a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and Defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

    (b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the

3

United States. Defendant further agrees to waive his Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c)     Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d)     Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney, can and will be prosecuted under the appropriate perjury, false statement, or obstruction statutes;

(e)     Defendant agrees to provide to the United States all documents in his possession or under his control relating to all areas of inquiry and investigation; and

(f)     Should the recommended departure, if any, not meet Defendant's expectations, the Defendant understands that he remains bound by the terms of this agreement and cannot, for that reason alone, withdraw his plea.

## Waiver of Appeal and Collateral Review

6.     Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event the Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts One and Four of the Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss all remaining counts as to the defendant in indictment H-16-485S at the time of sentencing;

(b) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that he receive a two (2) level downward adjustment pursuant to section

3E1.1(a) of the United States Sentencing Guidelines, should Defendant accept responsibility as contemplated by the Sentencing Guidelines; and

(c) If Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense (if Defendant's offense level is 16 or greater).

### Agreement Binding - Southern District of Texas Only

10. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney. The United States will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

13. Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The

7

trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count One of the Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

On October 4, 2016, a District Judge Lee H. Rosenthal, Southern district of Texas, signed an Order authorizing the wire and electronic interceptions over telephone number (281) 906-4205, utilized by Juan Aguirre CAMPUZANO.

On October 5, 2016, agents intercepted a drug related telephone call between Juan Aguirre CAMPUZANO, who was utilizing the telephone number (281) 906-4205 and Raymond PATTERSON, who was utilizing telephone number (760) 562-2203. During the period from October 5, 2016 through October 13, 2016 CAMPUZANO and PATTERSON negotiated the sale and delivery of what was to be 50 kilograms of cocaine.

On October 13, 2016, based on a precise location data warrant, agents determined PATTERSON and CAMPUZANO's telephone devices were determined to be at a location in the area of Linden Spruce Lane around 3pm. Previously in the investigation agents had observed PATTERSON at a residence located at 20022 Linden Spruce Lane. This location was the residence of Cassius Lamont BOND. The government will present witnesses who will testify that BOND was the intermediary in this offense between PATTERSON and co-defendant's Gary WINN and **Curtis DANSBY**, who came from Ohio to Houston to purchase cocaine. Evidence will show that Gary WINN, **Curtis DANSBY** and Jay Curtis Bronson HAWTHORNE combined

proceeds from their sales of controlled substances in Ohio and either transported or caused to be transported those proceeds to Houston Texas in order to purchase the cocaine seized in this offense.

Agents established surveillance **around 4:30pm. Surveillance involved agents on the ground and were assisted by the DEA "air wing"**. Air Wing agents then observed a red truck, bearing LP GRP 0896 pull out of the garage of the Linden Spruce residence and alerted the ground surveillance. Ground Surveillance agents observed CAMPUZANO driving the red truck. Believing he possessed proceeds from the drug transaction, he was followed to a previously identification located at 22405 Beckendorf Road, Katy, Texas. **A federal search warrant was subsequently obtained to search that location.**

Subsequently Air wing agents observed four black males, identified as PATTERSON, Cassius BOND, Gary **WINN** and Curtis DANSBY exiting the residence with a large black bag located at 20022 Linden Spruce Lane. Cassius BOND, has been identified as the owner of the Linden Spruce Lane location. **WINN** and DANSBY were observed placing the large black suitcase into a dark in color Volkswagen. Agents then observed BOND enter a black Mercedes and move it inorder to allow the Volkswagen to move. Agents observed WINN and **DANSBY** enter the Volkswagen and depart the location. **A federal search warrant was subsequently obtained to search that location.**

Agents maintained surveillance on the Volkswagen and observed the Volkswagen arrived at a Crown Plaza Houston River Oaks Hotel located 2712 Southwest Freeway at around. Agents observed **DANSBY** exit the Volkswagen and entered the Crown Plaza with the large black suitcase observed at the Linden Spruce residence. Agent then observed **DANSBY** exit the Crown Plaza without the black bag and enter the Volkswagen and drove off.

Agents contacted the front desk of the hotel and identified themselves as law enforcement officers. The hotel staff provided agents with video surveillance, which further confirmed that DANSBY entered the Crown Plaza with a large black bag. With information provided by the hotel staff, agents were able to confirm the identities of WINN and **DANSBY**. Hotel staff further advised agents that they provided **DANSBY** with a room key to room #1116. Hotel staff advised agents that the room was registered to Jay Curtis Bronson HAWTHORNE.

Agents maintained surveillance on the vehicle and followed the vehicle to an apartment located 2526 Business Center Drive. Shortly thereafter, a traffic stop was conducted on the vehicle occupied by WINN and **DANSBY**. Both were detained.

At approximately 10:16 p.m., agents intercepted an incoming call to CAMPUZANO, from PATTERSON. During the telephone call, CAMPUZANO asked PATTERSON "how much it was." PATTERSON responded "7250." CAMPUZANO advised PATTERSON that it was "7230." PATTERSON acknowledged and stated he was "short twenty (20)." PATTERSON advised CAMPUZANO that he would take it to him on Friday, October 14, 2016. Agents obtained the precise location data from on the phone during the above stated time and

9

determined that PATTERSON made this phone call and observed he was located at 12142 Southmeadow Drive, Stafford, Texas, PATTERSON's residence.

Following **DANSBY** and WINN being detained, at approximately 11:55 p.m., DEA agents approached room #1116 and knocked at the door. HAWTHORNE answered the door and DEA agents identified themselves as federal law enforcement officers. Another male, Joseph ZIEGLER was also present in the room. DEA agents requested consent from HAWTHORNE to search his room and he (HAWTHORNE) provided both verbal and written consent to DEA agents to search his room. During the search, agents located the same black bag previously observed in the possession of **DANSBY** and WINN. Agents opened the black bag and discovered thirty-nine (39) kilograms of cocaine.

Subsequent to the seizure of the Cocaine from the Crown Plaza hotel room, a federal search warrant was executed at **22405 Beckendorf Road, Katy, Texas**, the location CAMPUZANO was followed to after he delivered cocaine to Patterson, Bond, WINN, and Dansby at 20022 Linden Spruce Lane. During the search at 22405 Beckendorf Road, Katy, Texas, agents found 23 kilograms of cocaine in a white Jeep bearing Texas tag HLC 7804 registered to Juan Manuel Aguirre CAMPUZANO and the red truck, bearing LP GRP 0896 which CAMPUZANO operated when he delivered cocaine to 20022 Linden Spruce Lane on October 14, 2016. In the closet of the rear bedroom, agents found a black suitcase that contained $693,000 of the drug proceeds transferred to CAMPUZANO for the cocaine that he delivered.

## Breach of Plea Agreement

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

10

## Restitution, Forfeiture, and Fines – Generally

16. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that he will make a full and complete disclosure of all assets over which he exercises direct or indirect control, or in which he has any financial interest. Defendant agrees not to dispose of any assets or take any action that would affect a transfer of property in which he has an interest, unless Defendant obtains the prior written permission of the United States.

17. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this plea agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

18. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant agrees to testify truthfully in all judicial proceedings, including all hearings and trials, involving the forfeiture of the properties identified in paragraph 20 herein. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

19. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Forfeiture

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant abandons and waives any and all interest he may have in all currency, firearms, magazines, ammunition, and other assets which were seized in connection with this case on or about October 14, 2016. Defendant agrees not to contest the forfeiture of such assets (whether forfeited administratively or judicially), and he waives any and all rights to notice of forfeiture or other procedural requirements for forfeiture of such assets. Defendant understands and acknowledges that any property not forfeited in this case may nonetheless be subject to the collection or enforcement of a fine or other criminal monetary penalty, in the event that the Court imposes a criminal monetary penalty in this case.

### Fines

21. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay

payment. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

**Complete Agreement**

22. This written plea agreement, consisting of 16 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

23. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at  Houston , Texas, on  Aug 7 , 2017.

_____
CURTIS DANSBY
Defendant

Subscribed and sworn to before me on  Aug 7 , 2017.

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

ABE MARTINEZ
Acting United States Attorney

By: _____
BERTRAM A. ISAACS
Assistant United States Attorney
Southern District of Texas
Telephone (713) 567-9557

_____
GERARDO S. MONTALVO
Attorney for Defendant

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-13-548S |
| CURTIS DANSBY<br>    Defendant | § § § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his rights with respect to the pending Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      _8.07.2017_____
GERARDO S. MONTALVO              Date
Attorney for Defendant

I have consulted with my attorney and fully understand all my rights with respect to the Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____      _8.07.2017_____
CURTIS DANSBY                    Date
Defendant